**XIAN XIAN HUANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–5204–ag.**

United States Court of Appeals, Second Circuit.

June 30, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**108**

Vlad Kuzmin, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Kay B. Lee, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xian Xian Huang, through counsel, petitions for review of the BIA decision affirming a decision of Immigration Judge ("IJ")

Douglas Schoppert denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). The IJ's factual findings are reviewed under the substantial evidence standard, and those factual findings will only be overturned if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The IJ denied Huang's government corruption claim, in part, because he failed to establish that he suffered past persecution on account of his political opinion. In order to show that persecution occurred or will occur on account of political opinion, an applicant must demonstrate, through either direct or circumstantial evidence, that the persecution arises from his own political opinion and the persecutor's motive to persecute arises from his political beliefs. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing to *INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). This Court has emphasized that one must look to the victim's, not the persecutor's beliefs, in assessing whether persecution occurred on account of one of the enumerated grounds, but inherently, there must be some evidence presented regarding the persecutor's motives. *See Osorio v. INS,*

18 F.3d 1017, 1025 (2d Cir.1994) (citing *Elias–Zacarias*, 502 U.S. at 483, 112 S.Ct. 812).

Even though Huang testified that he believed the government demolished his home because he filed a complaint with the local television statement about government corruption, the IJ was reasonable in finding that he failed to present sufficient evidence that the government officials were in fact motivated by Huang's complaint. The first time Huang's home was destroyed, the government officials told him that he could not build because he did not have the proper paperwork. Huang admitted that this was a valid reason for the government to block the building of his home. As a result, he failed to present any evidence that the first demolition was on account of his political opinion. The second time the government destroyed Huang's home, the government officials told him that the structure was unsafe because of the materials he was using to build it. The IJ correctly stated that the Chinese government officials did not advance a reason that was related to Huang's complaints in any way. Even though Huang testified credibly about his claims, his assertion that the government officials actually wanted to harm him because he made a complaint to the television station is merely speculation or suspicion. Without more, the IJ's determination that Huang failed to prove that the Chinese government officials sought to harm him because of his political opinion is supported by substantial evidence.

Because Huang failed to prove that he suffered any harm on account of his political opinion, we need not discuss whether the destruction of Huang's home constituted persecution, economic or otherwise. In addition, because Huang failed to establish that the government sought to harm him in the past because of his complaints to the television station about government corruption, it was not unreasonable to deny the entire asylum claim, without expressly addressing whether Huang had a well-founded fear of future persecution.

Huang argues in his brief that the IJ should have granted his asylum claim because he proved that he and his wife have a well-founded fear of persecution under the family planning policy in China. However, he did not raise this argument in his brief to the BIA. Accordingly, this argument is not exhausted and this Court lacks jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006). For the first time, Huang raises the argument that he may be persecuted upon his return to China because he illegally departed from China. Since he failed to raise this argument below, this Court lacks jurisdiction to review it. *Id.* Lastly, since the IJ did not err in denying his government corruption asylum claim, the IJ's denial of his related withholding of removal claim is also supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Finally, since Huang does not make any arguments regarding the denial of his CAT claim in his brief to this Court, it is deemed waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

**110**

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).